**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ty Kirkpatrick,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Timothy Hubman, et al.,<br><br>　　　　Defendant. | No. CV-21-01048-PHX-DJH<br><br>**ORDER** |

Plaintiff Ty Kirkpatrick ("Mr. Kirkpatrick") filed a Motion for Leave to File a Proposed Amended Complaint ("PAC") (Doc. 46) claiming the deficiencies in his Original Complaint (Doc. 1) are now cured.[1] The Court must decide whether Mr. Kirkpatrick has alleged facts sufficient to support a plausible breach of contract claim that falls within the applicable Florida five-year statute of limitations. Fla. Stat. § 95.11 (2)(b). For the following reasons, the Court denies Mr. Kirkpatrick's Motion.

**I.　Background**

　　**A.　Mr. Kirkpatrick's Employment with Coexist**

This matter concerns Mr. Kirkpatrick's breach of contract claim against Defendants Timothy Hubman ("Mr. Hubman") and Coexist Foundation, Inc. UK ("Coexist") (collectively "Defendants"). Mr. Kirkpatrick alleges he met Mr. Hubman in 2008. (Doc. 1 at ¶ 10). According to Mr. Kirkpatrick, Mr. Hubman was an authorized representative of Coexist. (*Id.*) Mr. Kirkpatrick represents he orally accepted on offer

---

[1] The matter is fully briefed. Defendant Timothy Hubman filed a Response in Opposition (Doc. 48), and Mr. Kirkpatrick filed a Reply. (Doc. 51).

1  from Mr. Hubman to work as a consultant for Coexist in September of 2008. (*Id.*) Mr. Kirkpatrick and Mr. Hubman's agreement was formalized in the November 11, 2008, Consulting Agreement (the "2008 Agreement"), which both parties signed. (*Id.* at ¶ 11). The terms of the 2008 Agreement reflect that Mr. Kirkpatrick is responsible for contacting potential donors and arranging donations for Coexist. (*Id.*) Additionally, the 2008 Agreement provides Coexist is to pay Mr. Kirkpatrick $900,000 per year, starting on the first banking day of 2009 and every year thereafter until 2028. (*Id.*)

Mr. Kirkpatrick claims he procured donations for Coexist during 2008–2009, including a $1,100,000 painting and $500,000 in cash donations. (*Id.* at ¶ 12-13). Mr. Kirkpatrick alleges he did not receive the salary detailed in the 2008 Agreement. (*Id.* at ¶ 14). Instead, Mr. Kirkpatrick represents he was compensated $10,000 in April 2009 for his services. (*Id.*) After he received the $10,000, Mr. Kirkpatrick claims to have solicited donations from Jane Lipan. (*Id.* at ¶ 15). Lipan allegedly referred Mr. Kirkpatrick to her associate, Harold Steward ("Steward"), but she never followed up with Mr. Kirkpatrick's solicitation. (*Id.* at ¶ 15-16). Mr. Hubman alleges that Mr. Kirkpatrick stopped performing services for Coexist thereafter. (Doc. 23 at 1).

Ten years later in 2019, Mr. Hubman was involved in a lawsuit in connection with a donation from Steward's son. *See Coexist Found., Inc. v. Fehrenbacher*, 865 F.3d 901 (7th Cir. 2017). There, Mr. Hubman alleged the defendant stole $2,000,000 in funds that were donated to Coexist by Steward's son. (*Id.* at ¶ 17).

**B.     Procedural History**

On June 16, 2021, Mr. Kirkpatrick filed a Complaint (Doc. 1) against Defendants for breach of contract, unjust enrichment, breach of covenant of good faith and fair dealing, fraud, and constructive fraud. (*Id.* at 1, 5—9). Mr. Kirkpatrick alleges he is responsible for procuring the $2,000,000 donation for Coexist from Steward's son by virtue of his previous contacts with Lipan and Steward. (Doc. 1 at ¶ 19). Mr. Kirkpatrick thus claims he should be compensated according to the 2008 Agreement. (*Id.*) The Court previously granted Mr. Hubman's Motion to Dismiss Mr. Kirkpatrick's original complaint because

(1) Mr. Kirkpatrick's tort claims failed to state a claim for which relief can be granted; and (2) Mr. Kirkpatrick's contract claims are barred by Florida's five year statute of limitations. (*See generally* Doc. 45).

Although the Court permitted Mr. Kirkpatrick to file a motion for leave to amend, it also stated "it is strongly inclined to deny leave because everything in this case points towards mischief." (*Id.* at 10). The Court found it odd that Mr. Kirkpatrick is not only "claiming responsibility for the transfer or $2 million to a self-proclaimed con man, but that he is also seeking compensation for this deed in the amount of nearly $900,000, all without obtaining legal representation." (*Id.* at 10–11). Moreover, the Court found it peculiar that Mr. Kirkpatrick did not file suit against Defendants earlier given the large sums of money purportedly owed under the Consulting Agreement.

The Court now considers Mr. Kirkpatrick's Motion for Leave to Amend and attached PAC.

**II.    Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to amend his complaint by leave of the court at any time, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). However, courts can exercise discretion to deny a motion for leave to amend if the amendment: (1) would cause the opposing party undue prejudice; (2) is sought in bad faith; (3) constitutes an exercise in futility; or (4) creates undue delay. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). A *pro se* complaint must be held to less stringent standards than formal pleadings drafted by an attorney. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The party opposing the amendment bears the burden of showing how the amended complaint would cause undue prejudice or is brought in bad faith. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

The test for whether a motion for leave to amend is futile is the same as the test for dismissal under Rule 12(b)(6) — i.e., whether, taking a plaintiff's facts as true, the

allegations state a plausible claim for relief. *Gibson Brands, Inc. v. John Hornby Skewes & Co.,* 2015 WL 4651250 at *4 (C.D. Cal. Aug. 4, 2015). A claim is facially plausible if the plaintiff alleges enough facts to permit a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, unless the amended complaint relates back to the initial complaint, an amended complaint is futile if it falls outside of the statute of limitations. *See Flores v. Riscomp Indus., Inc.*, 35 So. 3d 146, 147 (Fla. Dist. Ct. App. 2010).

**III.  Discussion**

Mr. Kirkpatrick alleges a single breach of contract claim in his PAC. (Doc. 46 at 2). Mr. Kirkpatrick reasons that since the 2008 Agreement provided for a yearly salary until 2028, Mr. Hubman's failure to compensate him in 2019, 2020, 2021 and 2022 constitutes a breach of contract that falls within Florida's five-year statute of limitations. (*Id*. at 2–3) (citing Fla. Stat. § 95.11 (2)(b)). In response, Mr. Hubman argues that Mr. Kirkpatrick's PAC should be denied because it is futile and sought in bad faith. (Doc. 48 at 1). The Court will address each of Mr. Hubman's arguments in turn.

**A.  Whether the Proposed Amended Complaint is Futile**

As to futility, Mr. Hubman contends that the 2008 Agreement is no longer valid or enforceable because it is a service contract and Mr. Kirkpatrick has not performed any services for Defendant since 2009. (*Id.*) He further argues that because Mr. Kirkpatrick did not perform any services in 2019, 2020, 2021 and 2022, the breach of contract claim still falls outside of Florida's statute of limitations. (*Id.*)

The futility of amendment can, by itself, justify the denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). As mentioned, the test to determine the legal sufficiency of a proposed amendment is "whether, taking a plaintiff's facts as true, the allegations state a plausible claim for relief." *Gibson Brands, Inc.*, 2015 WL 4651250, at *4. Even when taking all the factual allegations made as true, Mr. Kirkpatrick fails to state a plausible claim for two reasons. First, Mr. Kirkpatrick fails to establish there was a valid contract during the four-year period under which he is claiming

a breach of contract. Second, because the 2008 Agreement was a valid and enforceable contract only until 2009, Mr. Kirkpatrick's breach of contract claim falls outside of statute of limitations.

### 1. Elements of a Valid Contract

Mr. Kirkpatrick's PAC alleges that Defendants breached the 2008 Agreement by failing to pay him for his services in 2019–2022. (Doc. 46 at 3). Under Florida law, an adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages. *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1049 (Fla. Dist. Ct. App. 2003). As to the first element, a valid contract is generally composed of three basic elements: an offer, acceptance, and consideration. *Nowlin v. Nationstar Mortg.*, LLC, 193 So. 3d 1043, 1045 (Fla. Dist. Ct. App. 2016). Here, Mr. Kirkpatrick's PAC offers no support for the existence of a valid contract between himself and Mr. Hubman in the years under which he is contending a breach of contract.

The 2008 Agreement meets the requirements for offer and acceptance, but lacks consideration beyond 2009. Mr. Kirkpatrick's PAC does not show any consideration in the form of services that were performed after 2009. Mr. Kirkpatrick's allegations jump from 2009—when he allegedly tried to secure a donation from Steward—to 2019—when he found out about the lawsuit Mr. Hubman was involved in. The PAC does not explicitly state when Mr. Kirkpatrick stopped performing the services of fundraiser for Coexist. But there are no allegations to suggest that Mr. Kirkpatrick offered any services as consideration to validate the 2008 Agreement beyond 2009. *Rose Printing Co. v. Haggerty*, 584 So. 2d 606, 608 (Fla. Dist. Ct. App. 1991) (holding that there is no proper consideration for a services contract when the party contending a breach of contract has not performed the services outlined in said contract.) This renders the 2008 Agreement unenforceable after 2009. *Id*.

Mr. Kirkpatrick's PAC does not describe any services he provided during 2019–2022 under the 2008 Agreement. So, Defendants are not obligated to compensate Mr. Kirkpatrick. Mr. Kirkpatrick fails to state a plausible claim for breach of contract because

he does not allege facts sufficient to establish show what services he performed for Coexist during his newly alleged time period.

### 2. The Florida Statute of Limitations for Breach of Contract Claims

Since the Court finds the 2008 Agreement has not been enforceable since 2009, Mr. Kirkpatrick's PAC for a breach of contract claim continues to fall outside of the statute of limitations. Mr. Kirkpatrick attempts to get around the statute of limitations issue by claiming that the contract's language perpetuates enforceability through January 2028. (Doc. 46 at 2). Kirkpatrick thus reasons he should be able to bring a claim for breach of contract for 2019, 2020, 2021 and 2022. (*Id*. at 3).

Unless an amended complaint relates back[2] to the initial complaint, the amendment is futile if it falls outside of the statute of limitations. *See Flores*, 35 So. 3d at 147. Florida law states that actions, other than for recovery of real property, shall be commenced within five years to recover for "a legal or equitable action on a contract, obligation, or liability founded on a written instrument . . . ." Fla. Stat. § 95.11 (2) (b). "A cause of action for breach of contract accrues and the limitations period commences at the time of the breach." *Technical Packaging, Inc. v. Hanchett,* 992 So. 2d 309, 313 (Fla. Dist. Ct. App. 2008); *see also* § 95.031(1) ("A cause of action accrues when the last element constituting the cause of action occurs.").

Mr. Kirkpatrick does not allege any facts to support a breach of contract claim during 2019–2022. Mr. Kirkpatrick contends that his contact with Jane Lipan in 2009 led to the donation made by Steward's son to Coexist. But when viewing the PAC in the light most favorable to Mr. Kirkpatrick, the last time Mr. Hubman failed to pay Mr. Kirkpatrick under the 2008 Agreement was in January 2009. Mr. Kirkpatrick's cause of action thus

---

[2] To survive a motion to dismiss after the statute of limitations has passed, an amended complaint must relate back to the original pleading made before the expiration of the statute of limitations. *See* Fla. R. Civ. P. 1.190(c). The relation back doctrine allows for "[a]n amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, [to] relate back even though the statute of limitations has run in the interim." *Maraj v. N. Broward Hosp. Dist.*, 989 So. 2d 682, 685 (Fla. Dist. Ct. App. 2008). Kirkpatrick is not claiming that his PAC can fall within the statute of limitations by relating back to a previous complaint. Instead, he argues a new set of facts that would make his claim fall within the statute of limitations.

began to accrue in 2009 and his claim for breach of contract is now barred by the five-year statute of limitations. *See id.* The Court accordingly declines to revisit its holding that the breach of contract claim falls outside of the statute of limitations.

In sum, Mr. Kirkpatrick fails to state a plausible claim for a breach of contract action. Mr. Kirkpatrick does not allege facts sufficient to predicate his breach of contract claim on a valid contract that existed between 2019–2022. The 2008 Agreement has not been enforceable since 2009, thus Mr. Kirkpatrick's PAC for a breach of contract claim continues to fall outside of the statute of limitations. This requires the Court to deny Mr. Kirkpatrick's Motion for Leave to Amend on futility grounds.

**B.     Whether the Proposed Amended Complaint was Brought in Bad Faith**

As to bad faith, Mr. Hubman represents that by seeking to amend the initial complaint, Mr. Kirkpatrick is "attempting to use this Court as a means of harassment[.]" (Doc. 48 at 2). Bad faith exists where the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). "Bad faith" means more than acting with bad judgment or negligence, but "rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir.2003). Furthermore, the party opposing the amendment bears the burden of showing how the amended complaint is brought in bad faith. *See DCD Programs, Ltd.*, 833 F.2d at 187.

Here, Mr. Kirkpatrick attempted to correct previous deficiencies pointed out by the Court in a previous order. Without more, this does not amount to bad faith. *Outley v. Shinn*, 2021 WL 4595806, at *6 (D. Ariz. Aug. 9, 2021). Merely stating to the court that a case was brought in bad faith is not sufficient to meet the burden of proof. *Claus v. Columbia State Bank*, 2019 WL 5624754, at *45 (D. Or. Oct. 30, 2019) (holding that conclusory assertions alone do not demonstrate bad faith in seeking to amend to circumvent the statute of limitations). Mr. Hubman thus fails to show how allowing Mr. Kirkpatrick to file the proposed amended complaint was done in bad faith.

Therefore, there is no evidence that requires the Court to deny Mr. Kirkpatrick's Motion for Leave to Amend on bad faith grounds

### III. Conclusion

Mr. Kirkpatrick's PAC does not cure the deficiencies of the Original Complaint and otherwise fails to state a plausible claim against Defendants. Mr. Kirkpatrick's PAC fails to establish consideration for the 2008 Agreement in the years 2019–2022. This renders the 2008 Agreement unenforceable during the years Mr. Kirkpatrick is alleging Defendants breached the contract. Therefore, Mr. Kirkpatrick's breach of contract claim continues to fall outside of the Florida five-year statute of limitations.

The Court acknowledges that leave to amend must be given freely and liberally. Courts should dismiss a complaint with prejudice only if the plaintiff cannot amend the complaint to cure the deficiencies without contradicting the allegations of the original complaint. *Fitzpatrick v. United States DOL OWCP*, 2022 WL 1556319, at *13 (S.D. Cal. May 16, 2022); citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296–297 (9th Cir. 1990) (affirming the district court's ruling to dismiss a complaint with prejudice where amendment would not cure the deficiencies in the complaint, and "[i]t would not be possible for [the plaintiff] to amend his complaint . . . without contradicting any of the allegations of his original complaint"). Mr. Kirkpatrick's PAC includes generalized statements about contacting Jane Lipan in 2009, which he assumes led to the donation by Steward's son, and then jumps to 2019, when he found out about the lawsuit involving the donation from Steward's son. Therefore, if Mr. Kirkpatrick can allege new facts that fill in those time gaps and show consideration for the 2008 Agreement in the form of fundraiser services provided sometime during 2019–2022, the Court will allow him one more chance to do so. *See* Fed. R. Civ. P. 15(a).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. 46) is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff may file a motion seeking leave to file

a second amended complaint no later than **fourteen (14) days** after the entry of this Order. If Plaintiff does not timely do so, the Clerk of Court shall dismiss this action without further order of this Court.

Dated this 1st day of March, 2023.

Honorable Diane J. Humetewa
United States District Judge